UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

               Plaintiff,                   17 Cr. 531 (RWS)

  -against-                                   OPINION

JOSHUA MORCIGLIO,

               Defendant.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiffs

    UNITED STATES ATTORNEY'S OFFICE, SDNY
    One Saint Andrew's Plaza
    New York, NY 10007
    By:  Alison G. Moe, Esq.

    Attorneys for Defendants

    FEDERAL DEFENDERS OF NEW YORK
    52 Duane Street, 10th Floor
    New York, NY 10007
    By:  Jonathan Marvinny, Esq.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-16-17

**Sweet, D.J.**

Defendant Joshua Morciglio ("Morciglio" or the "Defendant") has moved to dismiss the single-count indictment (the "Indictment"), which charges him with violating 18 U.S.C. § 2250 by failing to register under the federal Sex Offender Registration and Notification Act ("SORNA")[1]. Based on the facts and conclusions set forth below, the motion of the Defendant is denied.

## I. Facts & Prior Proceedings

On or about April 14, 2016, the Defendant was convicted in Dauphin County Court of indecent exposure, criminal solicitation of statutory sexual assault, and corruption of minors, in violation of 18 Pa. C.S.A. §§ 3127, 902, 3122, and 6301. The Defendant was sentenced to an indeterminate sentence of 11 months and 15 days to 1 year and 11 months' imprisonment. He was convicted of the following Pennsylvania crimes:

---

[1] Effective September 1, 2017, the SORNA provisions previously located at 42 U.S.C. § 16911 have been relocated to 34 U.S.C. § 20911. See 42 U.S.C. § 16911. The language of the statute remains identical. See id. The parties submitted their briefs within one month of this change, and understandably cited to the former statutory locations in their moving papers. All references to SORNA and its provisions in this Opinion are to the current location at 34 U.S.C. § 20911.

1

1. Criminal solicitation of statutory sexual assault, which criminalizes a person's soliciting "sexual intercourse with a complainant . . . who is under the age of 16 years [where] that person is . . . four years older but less than eight years older than the complainant." 18 Pa. C.S.A. §§ 902(a), 3122.1(a)(1).

2. Indecent exposure, which criminalizes a person's "exposing his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm." *See id.* § 3127(a).

3. Corruption of minors, which provides that: "Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree." *See id.* § 6301(a)(1)(ii).

Police reports reflect that the Defendant was 22 when he solicited the 14 year old victim. Following his release from custody, the Defendant was designated by the State of Pennsylvania as a Tier One sex offender, requiring him to register as such for a period of fifteen years. In addition, the Defendant was required to wear an electronic monitoring ankle bracelet as part of his parole supervision.

On or about December 15, 2016, following his release from prison, the Defendant signed a Pennsylvania State Sex Offender Registration Form acknowledging his duties as a sex

offender, including his obligation to notify the Pennsylvania State Police of any change of home address within three days of moving, and that if he moved to another state, he may be required to register as a sex offender within ten days of establishing residence. On that form, the Defendant provided an address in Harrisburg City, Pennsylvania as his registered residence. However, about one week later, on or about December 21, 2016, the Defendant cut off his ankle bracelet and absconded supervision. The Defendant was apprehended by officers of the New York City Police Department in the Bronx on or about January 9, 2017.

On August 23, 2017, the Defendant was charged with traveling in interstate commerce and knowingly failing to register and update a registration as required by SORNA. The Defendant filed the instant motion to dismiss the Indictment on September 13, 2017. This motion was heard and marked fully submitted on October 25, 2017.

## II. The Motion to Dismiss the Indictment is Denied

On a motion to dismiss the Indictment, the facts stated therein and factual conclusions therefrom must be accepted as true. Fed. R. Crim. P. 12(b). Here, the Indictment

3

charges the Defendant with violating SORNA, which makes it a crime for a sex offender who "is required to register under [the Act]" and who "travels in interstate . . . commerce" to "knowingly fail[] to register or update a registration." 18 U.S.C. § 2250(a). The resolution of this motion hinges on the approach applied to interpreting the statutory definitions listed in SORNA. Accordingly, the following recap of the relevant statutory language is in order.

A "sex offender" subject to SORNA's registration requirement is defined as "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1). A "sex offense" is defined, in relevant part, as "a criminal offense that has an element involving a sexual act or sexual contact with another," id. § 20911(5)(A)(i), or "a criminal offense that is a specified offense against a minor," id. § 20911(5)(A)(ii). However, excepted from this definition of "sex offense" are "offense[s] involving consensual sexual conduct . . . [where] the victim was at least 13 years old and the offender was not more than 4 years older than the victim." Id. § 20911(5)(C). To further define the first definition of a "sex offense," a "sexual act" involves contact with or penetration of the penis, vulva, anus, or genital opening, see 18 U.S.C. § 2246(2), and "sexual contact" is "the intentional touching, either directly or through the

4

clothing of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with any intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Id.* § 2246(3). A "specified offense against a minor," as it defines "sex offense," includes, as relevant, offenses that involve "solicitation to engage in sexual conduct." 34 U.S.C. § 20911(7)(C).

The outcome of this inquiry depends on whether the Defendant may take cover under the 34 U.S.C. § 20911(5)(C) Exception (the "§ 20911(5)(C) Exception" or the "Exception"). The Defendant argues that the Court must apply a categorical approach in determining whether any of Morciglio's prior convictions constitutes a "sex offense" under SORNA, such that the relevant comparison is between the elements of the state crimes and SORNA. The Government asserts that a circumstance-specific approach governs all of SORNA's age-based exceptions, including 34 U.S.C. § 20911(5)(C). Accordingly, the Government argues that Morciglio must show that the actual conduct underlying his prior convictions meets the standards of the Exception. On the one hand, if the categorical approach is applied, the Defendant is not subject to SORNA because the scope of each Pennsylvania statute under which the Defendant was convicted reaches more broadly than the comparable provision

5

under SORNA. On the other hand, Morciglio was 22 when he solicited a 14 year old, making him clearly subject to SORNA's strictures under a fact-based approach. The parties do not dispute that the approach applied necessarily determines the outcome of this motion.

Under a categorical approach, a court is limited to comparing the elements of the prior offense to SORNA's definition of "sex offense," and cannot consider the facts underlying the conviction. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (noting that under a "formal categorical approach . . . courts may 'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions'") (emphasis in original) (internal citation omitted). Pursuant to an application of the categorical approach, if the statute defining the defendant's prior offense "has the same elements as the 'generic' . . . crime, then the prior conviction can serve as [a] . . . predicate; so too if the statute defines the crime more narrowly . . . . But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as [a] . . . predicate, even if the defendant actually committed the offense in its generic form." *Id.*

6

Three Pennsylvania statutes are at issue here. First, as to Pennsylvania's statute for criminal solicitation of statutory sexual assault, because it criminalizes conduct that SORNA exempts, it is not the case that anyone who violated the state statute *necessarily* violated SORNA as well.[2] See 18 Pa. C.S.A. §§ 902(a); 3122.1(a)(1). Accordingly, the state solicitation statute may not serve as a stand-in for SORNA.

Second, Pennsylvania's indecent exposure statute also reaches more broadly than SORNA's definition of "sex offense." *See id.* § 3127(a). While the state statute criminalizes "expos[ing] his or her genitals," SORNA's definition of "sex offense," which consists of sub-definitions of "sexual act," "sexual contact," and "specified offense against a minor" cover a narrower, more specific set of criteria. *See* 18 U.S.C. §§ 2246(2)-(3); 34 U.S.C. § 20911(7)(C). As such, the state statute is broader than, and cannot be treated as a predicate to, SORNA.

---

[2] The following fictional example illustrates the difference between the Pennsylvania statute and SORNA. A person in Pennsylvania who is exactly 19 years old and who solicits consensual sexual intercourse with a complainant who is exactly 15 years old has violated the state statute. *See* 18 Pa. C.S.A. §§ 902(a), 3122.1(a)(1) (criminalizing sexual intercourse where the victim "is under the age of 16 years" and the other person is "four years older but less than eight years older"). However, this person would be exempt from the strictures of SORNA because this person is "not *more than* four years older than the victim." *See* 34 U.S.C. § 20911(5)(C) (emphasis added).

7

Finally, Pennsylvania's corruption of minors statute criminalizes "any course of conduct" that "corrupts or tends to corrupt the morals of any minor." See 18 Pa. C.S.A. § 6301(a)(1)(ii). This statute is also very broad, indeed broad enough to cover similar conduct made criminal by the criminal solicitation of statutory sexual assault statute. Accordingly, any conduct that violates 18 Pa. C.S.A. § 3122.1(a)(1) would also necessarily violate 18 Pa. C.S.A. § 6301(a)(1)(ii). Since the former is not a SORNA-qualifying offense, the latter one is not either. In sum, if a categorical approach is applied, the Defendant is not subject to SORNA, and therefore has not violated it by failing to register as a sex offender in New York.

Under a specific-circumstance approach, the inquiry involves the specific facts of the offense, rather than the elements of the state crimes. See United States v. George, 223 F. Supp. 3d 159, 166 n.2 (S.D.N.Y. 2016). The Defendant must show that the actual conduct underlying his prior convictions meets the standards of the Exception in order to claim they are not "sex offense[s]." The Exception only covers offenses "involving consensual sexual conduct . . . if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." 34 U.S.C. § 20911(5)(C). Accordingly,

pursuant to this approach, the eight-year age gap between the Defendant and the victim bars him from claiming that his conviction is exempt from SORNA.

While the Second Circuit has not reached this issue, every court to address the matter, including the Fifth and Seventh Circuits, has found that Congress contemplated a facts-based approach to the Exception's age-differential determination. *See also United States v. George*, 223 F. Supp. 3d 159, 166 n.2 (S.D.N.Y. 2016) (noting in dicta that the § 20911(5)(C) Exception "naturally invites a fact-based inquiry"). Absent a compelling reason to diverge from the approach adopted by other courts, the circumstance-specific approach similarly applies here.

The Fifth Circuit in *United States v. Gonzalez-Medina*, 757 F.3d 425, 429 (5th Cir. 2014) determined that the circumstance-specific approach applies to age-based exceptions to SORNA, including, as relevant here, § 20911(5)(C). Gonzalez-Medina had appealed his conviction for failure to register as a sex offender, arguing that, pursuant to a categorical analysis, his Wisconsin conviction did not qualify as a "sex offense" under SORNA because the state statute does not include a four-year age difference as an element. *Id.* at 426. The court

9

acknowledged that, in general, SORNA requires a categorical analysis, but that SORNA's "language, structure, and broad purpose" demonstrate that "Congress contemplated a non-categorical approach to the age-differential determination in the [§ 20911(5)(C)] exception." *Id.* at 429. The Fifth Circuit sided with the Government based on a combination of four arguments. First, Congress defined the Exception in terms of "conduct" rather than as consisting of "elements." *Id.* at 430. There is little dispute that SORNA's definition of "sex offense," which invokes the word "element," invites a categorical approach. *Id.* However, "[t]he exception's reference to conduct, rather than elements, is consistent with a circumstance-specific analysis."[3] *Id.* Second, the other exception to the definition of "sex offense" calls for a

---

[3] The Defendant relies on the Honorable Emilio M. Garza's dissent in *Gonzalez-Medina*, 757 F.3d at 434-35, for the proposition that the "involves conduct" language as used here and in the Armed Career Criminal Act ("ACCA") indicates adherence to the categorical approach. *See* Def's. Reply Br. 2. Moreover, the Defendant also directs the Court to apply the rule of lenity to the extent that § 20911(5)(C)'s text is ambiguous as to which approach applies. *See id.* The Defendant is not incorrect in noting that the Court in *James v. United States*, 550 U.S. 192 (2007) (overruled on other grounds by *Johnson v. United States*, 135 S. Ct. 2251 (2015)) applied the categorical approach pursuant to the "involves conduct" language found in the ACCA. However, he is incorrect in providing that this leads to the conclusion that the circumstance-specific analysis is inapplicable here. Rather, the combination of other factors laid out by the majority establish that Congress intended that the age-differential determination be subject to a factual inquiry.

circumstance-specific approach, and "that Congress intended courts to look beyond the statute of conviction for the (5)(B) exception is evidence that Congress may have intended courts to look beyond the statute of conviction for the (5)(C) age-differential exception as well." *Id.* Third, "other age-specific SORNA provisions similarly appear to call for a circumstance-specific . . . approach as to age determinations." *Id.* at 431. Finally, the court found that a non-categorical approach aligned most with Congress's broad purposes in enacting SORNA: to "protect the public from sex offenders and offenders against children and to establish[] a comprehensive national system for the registration of those offenders." *Id.* (citation omitted).

The Seventh Circuit in *United States v. Rogers*, 804 F.3d 1233, 1237 (7th Cir. 2015) reads the § 20911(5)(C) Exception in the same light. The defendant engaged in incest after having failed to register as a sex offender while living in West Virginia, and then again upon moving to Indiana. *Id.* at 1234. He urged the court to apply the categorical approach to the Exception because the relevant Indiana incest offense did not include non-consent as an element, unlike § 20911(5)(C). *Id.* at 1236. The court noted that "[t]he exception uses fact-specific language, strongly suggesting that a conduct-based inquiry applies." *Id.* at 1237. The court concluded:

11

> In short, although the basic definition of "sex offense" . . . requires a categorical, elements-based inquiry, the exception . . . is not similarly limited. Whether the exception applies depends on several fact-based inquiries: Was the victim an adult? If so, was the sexual conduct consensual? Was the victim under the custodial authority of the offender at the time? Was the specified age differential present?

*Id.* The court considered the facts in light of these questions, and maintained the district court's finding that the exception did not apply. *Id.* Apart from the Fifth and Seventh Circuits, no other court has addressed this issue.

In light of the analyses carried out by our sister circuits, and absent a compelling reason to stray from their well-reasoned conclusions, this Court similarly applies the circumstance-specific approach to the Exception's age-differential determination. Accordingly, the specific facts of the Defendant's case must be applied against the Exception. Because the Defendant was 22 years old when he engaged in sexual conduct with a 14 year old, § 20911(5)(C) does not excuse his conduct.

## III. Conclusion

For the reasons set forth above, the Defendant's motion to dismiss the Indictment is denied.

It is so ordered.

**New York, NY**
**November 16, 2017**

_____
ROBERT W. SWEET
U.S.D.J.

13