UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA

        -against-                     17 Cr. 531 (RWS)

                                      SENTENCING
JOSHUA MORCIGLIO,               OPINION

                     Defendant.

------------------------------------------X



**Sweet, D.J.**

On December 20, 2017, Joshua Morciglio ("Morciglio" or the "Defendant") pled guilty to failure to register under the Sex Offender Registration and Notification Act ("SORNA") from at least January 2017 up to and including April 2017. Based on the conclusions set forth below, Morciglio will be sentenced to 24 months' imprisonment, followed by three (3) years' supervised release, subject to the scheduled sentencing hearing on February 5, 2018.

**Prior Proceedings**

Morciglio is named in a one-count indictment filed in the Southern District of New York on August 23, 2017. Count One

1

charges that from at least January 2017 up to and including April 2017, in the Southern District of New York and elsewhere, Morciglio, being an individual required to register under SORNA, traveled from Pennsylvania to the Bronx, New York, and thereafter resided in New York without updating his registration in Pennsylvania and without registering in New York, as required by law. 18 U.S.C. § 2250.

On December 20, 2017, Morciglio appeared before the Honorable Sarah Netburn and allocuted guilt to Count One pursuant to a written plea agreement, dated December 5, 2017. Morciglio is scheduled to be sentenced on February 5, 2018.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2

(2) the need for the sentence imposed —

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

3

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

The investigation in this case was conducted by a Senior Inspector with the United States Marshals Service ("USMS").

On April 14, 2016, Morciglio was convicted in Dauphin County Pennsylvania Court of indecent exposure, criminal solicitation of statutory sexual assault, and corruption of minors. As a result of his convictions, under Pennsylvania law, Morciglio was required to register as a sex offender for a period of fifteen (15) years following his release from imprisonment on the convictions.

On December 15, 2016, Morciglio completed and signed a Pennsylvania State Sex Offender Registration Form (the "Form") that advised Morciglio of the following:

> You are required to register as a sex offender because you have been convicted of a sexually violent offense or were required to register as a sex offender in another jurisdiction. You must register with the Pennsylvania State Police and furnish all registration information required by Megan's Law, including but not limited to: information about your residence, employment and school enrollment, vehicles owned or operated by you, your photograph(s), your fingerprints (and palm prints) and your DNA sample.

The Form further advised Morciglio of the following:

> You must appear in person, within three (3) business days, at any approved registration site to notify the Pennsylvania State Police of any of the following: (1) Any change in name, including alias. (2) Any change in residence, including but not limited to: beginning to live in a residence, adding an additional residence, moving out of a previously registered residence, or failing to have a residence (thereby becoming a transient, i.e. homeless).

Morciglio signed the Form acknowledging these requirements, and provided an address in Harrisburg City, Pennsylvania as his registered residence.

On January 9, 2017, Morciglio was arrested by members of the New York City Police Department in the Bronx, New York, and charged with criminal mischief and assault, in connection with a domestic incident. Morciglio was detained pending trial.

5

According to a woman ("Witness-1") who identified herself as Morciglio's mother, Morciglio left Pennsylvania in December 2016 and traveled to New York City by bus. Thereafter, Morciglio resided with his mother at an apartment in the Bronx, New York, until Morciglio's arrest on January 9, 2017. Witness-1 further reported hearing Morciglio state that he was supposed to register as a sex offender, but that he did not want to register and did not plan to do so.

Based on review of law enforcement databases, as well as communications with New York and Pennsylvania officials, the Inspector found no information indicating that Morciglio updated his registration information since December 15, 2016.

Based on the foregoing, a criminal complaint was filed in the Southern District of New York on May 4, 2017. Morciglio made his initial appearance in the Southern District of New York on July 26, 2017.

**The Relevant Statutory Provisions**

For Count One of the indictment, to which Morciglio pleaded guilty, the maximum term of imprisonment is ten (10) years. 18 U.S.C. § 2250. The Court may impose a term of supervised release

of not more than three (3) years. Id. § 3583(b)(2). The Defendant is eligible for not less than one (1) nor more than five (5) years' probation because the offense is a Class C felony. Id. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. A special assessment of $100 is mandatory. Id. § 3013. The maximum fine is $250,000. Id. § 3571(b).

**The Guidelines**

The 2016 edition of the United States Sentencing Commission Guidelines Manual, incorporating all Guideline amendments, was used to determine the defendant's offense level. U.S.S.G. § 1B1.11.

The Guideline applicable to violations of 18 U.S.C. § 2250 is found in U.S.S.G. § 2A3.5. The base offense level is 12. U.S.S.G. § 2A3.5(a)(3). Because the Defendant has clearly demonstrated acceptance of responsibility for the offense, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a). In accordance with the above, the applicable Guideline offense level is 10.

Morciglio has eleven previous convictions, ranging from when he was seventeen to twenty-four years old, as set forth in the PSR. These prior convictions result in a subtotal criminal history score of 17. Because the Defendant committed the instant offense while under a criminal justice sentence (probation) for the sentence imposed in Pennsylvania on June 27, 2016, two points are added. U.S.S.G. § 4A1.1(d). This yields a total criminal history score of 19, which establishes a Criminal History Category of VI.[1]

Based on the total offense level of 10 and a Criminal History Category of VI, the Guideline imprisonment range is 24 months to 30 months. Since the offense is a Class C felony, the Guideline range for a term of supervised release is 1 year to 3 years. U.S.S.G. § 5D1.2(a)(2). Because the applicable Guideline range is in Zone D of the Sentencing Table, the Defendant is ineligible for probation. U.S.S.G. § 5B1.1, comment n.2.

There is no Guideline fine range, although this Court may impose a fine up to the statutory maximum. U.S.S.G. §§ 5E1.2(a),

---

[1] The Probation Office has calculated the total number of criminal history points to be 19, while the plea agreement stipulates a total 18 criminal history points. This difference has no effect on the Criminal History Category, which remains VI.

(d). The fine range for this offense is from $4,000 to $40,000. U.S.S.G. § 5E1.2(c)(3).

Costs of prosecution shall be imposed on the Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7), 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated July 13, 2017, provides a daily cost of $95, a monthly cost of $2,898, and an annual cost of $34,770 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's

9

statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having reviewed the Presentence Investigation Report, the Court will impose a sentence within the Guidelines range.

**The Sentence**

For the instant offense, Joshua Morciglio shall be sentenced to 24 months' imprisonment on Count One. The term of imprisonment shall be followed by a term of three (3) years of supervised release.

As mandatory conditions of his supervised release, the Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not unlawfully possess a controlled substance.

(3) Refrain from any unlawful use of a controlled substance.

(4) Cooperate in the collection of DNA, as directed by the probation officer.

(5) Comply with the standard conditions that have been adopted by this Court as well as with any other conditions on the attached page.

The standard conditions of supervision (1-13) apply with the following special conditions:

(1) The Defendant must comply with the requirements of SORNA (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.

(2) The Defendant must participate in an outpatient mental health treatment program approved by the United States Probation Office. The Defendant must continue to take any prescribed medications unless otherwise instructed by the health care provider. The Defendant must contribute to the cost of services rendered based on his ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider.

(3) The Defendant must submit his person, residence, place of business, vehicle, and any property or electronic devices under his control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of the Defendant's probation/supervised release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant must inform any other residents that the premises may be subject to search pursuant to this condition.

(4) The Defendant must participate in a cognitive behavioral treatment program under the guidance and supervision of the probation officer, until such time as he is released from the program by the probation officer.

(5) The Defendant shall be supervised by the district of residence.

It is further ordered that the Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Because the Defendant does not have the ability to pay a fine, the fine in this case has been waived.

The Defendant has been detained without bail since his arrest, so he is not a candidate for voluntary surrender because of the provisions found in 18 U.S.C. § 3143(a)(2).

It is so ordered.

**New York, NY**
**January 3, 2018**

_____
ROBERT W. SWEET
U.S.D.J.